# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANG GEOUL LEE, <br><br> Plaintiff, <br><br> v. <br><br> WON IL PARK, M.D., <br><br> Defendant. | Hon. Esther Salas, U.S.D.J. <br> Hon. Joseph A. Dickson, U.S.M.J. <br><br> Civil Action No. 2:12-cv-07437-ES-JAD <br><br> **OPINION AND ORDER** |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon Plaintiff's Motion for Waiver of Affidavit of Merit Requirement. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions and for the reasons stated below, Plaintiff's motion to waive affidavit of merit is GRANTED.

## I. BACKGROUND

In this diversity action, Plaintiff, Sang Geoul Lee, alleges that his physician, Defendant Won Il Park, M.D., negligently disclosed information regarding Plaintiff's use of certain medication to Plaintiff's wife. Plaintiff claims that Defendant disclosed this information "to be rid of what defendant perceived as plaintiff's wife's harassing requests," and that Defendant's disclosure enabled Plaintiff's wife to lodge charges of sexual infidelity against him.[1] *See* Complaint, ¶7 (ECF doc. 1). Plaintiff seeks compensatory and punitive damages from Defendant for breach of confidentiality, negligence, and negligence *per se*. *Id.* at 4.

---

[1] Prior to this lawsuit, Plaintiff filed for divorce from his wife.

1

Plaintiff moves for an order waiving the statutory requirement of an affidavit of merit ("AOM") applicable to professional malpractice actions in New Jersey. *See* N.J.S.A. 2A:53A-27. Plaintiff does not address whether the AOM statute is applicable to this action in the first place. Instead, Plaintiff argues that the common knowledge exception to the affidavit of merit applies, as it is common knowledge that disclosing doctor-patient privileged information is negligent. Defendant argues that the common knowledge exception does not apply because the disclosure of private health information involves complex rules and laws that are not in the common knowledge of jurors.

## *II.  DISCUSSION AND ANALYSIS*

### *A.  Applicability of Affidavit of Merit Statute*

As a threshold matter, this Court must first determine whether the affidavit of merit statute applies in this action. The AOM statute provides, in relevant part:

> In any action for damages for personal injuries, wrongful death or property damage *resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation*, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J.S.A. 2A:53A-27 (emphasis added).

The main purpose of the statute is "to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation." *Couri v. Gardner*, 137 N.J. 328, 333 (2002) (internal citations and quotations omitted). The legislature's purpose was not to "create a minefield of hyper-technicalities in order to doom innocent litigants possessing meritorious claims." *Paragon*

2

*Contractors, Inc. v. Peachtree Condominium Association*, 202 N.J. 415, 422 (2010) (internal citations and quotations omitted). Rather, the statute was designed to "weed out frivolous lawsuits early in the litigation." *Hubbard v. Reed*, 168 N.J. 387, 498 (2001).

The statute accomplishes this purpose by requiring the plaintiff to provide an affidavit of merit "stating that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint[ ] fell outside acceptable professional or occupational standards or treatment practices." *Couri*, 137 N.J. at 340 (citing N.J.S.A. 2A: 53A-27) (internal quotations omitted). The relevant inquiry is not whether the action is denominated as tort or contract, but whether "a claim's underlying factual allegations require proof of a deviation from a *professional* standard of care." *Id.* at 340-41 (emphasis in original). This inquiry allows courts to ensure that "claims against licensed professionals acting in a professional capacity that require proof of ordinary negligence but not of a deviation from professional standards are not encompassed by the statute." *Id.* at 341. For example, a claim that a psychiatrist failed to diagnose a patient properly would be encompassed by the statute, but a claim that the psychiatrist negligently tripped a patient who entered his office would not. *See id.*

To determine whether the AOM statute applies in an action, courts consider: (1) "whether the action is for 'damages for personal injuries, wrongful death or property damage' (nature of injury); (2) whether the action is for 'malpractice or negligence' (cause of action); and (3) whether the 'care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint [ ] fell outside acceptable professional or occupational standards or treatment practices' (standard of care)." *Id.* at 334 (quoting N.J.S.A. 2A:53A-27).

As to the first element, the AOM statute applies to "action[s] for damages for personal injuries, wrongful death or property damage." *Id.* at 334-35. However, it is unclear whether the

3

AOM statute would apply in professional malpractice actions that "do not *cause* personal injuries, wrongful death or property damage." *See Nuveen Municipal Trust v. Withumsmith Brown, P.C.*, 692 F. 3d 283, 312 (3d Cir. 2012) (emphasis in original) (certifying to the New Jersey Supreme Court "a question regarding the scope of the 'nature of the injuries' element of the Statute.").[2] In *Couri*, the plaintiff brought an action against the expert psychiatrist he retained for his divorce action. *Id.* at 330. The plaintiff alleged that the defendant psychiatrist breached their oral contract by distributing, without his consent, his preliminary expert report to plaintiff's wife and their child's guardian *ad litem*. *Id.* at 331. Although plaintiff requested "compensatory and punitive damages" in his complaint, plaintiff at oral argument narrowed his damages to the amount he paid defendant for the report, plus incidental costs in the divorce action arising from defendant's dissemination of the report. *Id.* at 334-35. The court held that "because the damages that plaintiff is seeking are neither damages for personal injuries, wrongful death or property damage, plaintiff's [breach of contract] claim does not fall within the first element of the statute." *Id.* at 335.

In this action, Plaintiff's complaint does not seek damages for personal injuries, wrongful death or property damage. Plaintiff does not allege any wrongful death or property damage. Whether Plaintiff is in fact seeking damages for personal injuries, and whether allegations of such damages are required for the AOM statute to apply to this case by law, are unclear. *See id.* Although Plaintiff seeks compensatory damages exceeding $75,000, Plaintiff does not allege that Defendant's disclosure of confidential information caused any personal injury or any injury. Even though Plaintiff marked the "other personal injury" box under the "nature of suit" question

---

[2] The New Jersey Supreme Court denied the Third Circuit Court of Appeals' petition for certification of this question, and the Third Circuit has not ruled on whether the plaintiff's action is subject to the AOM Statute. *See Nuveen Municipal Trust v. Withumsmith Brown, P.C.*, 213 N.J. 527, 528 (2013).

on the civil cover sheet for his complaint, "[i]t is not the label placed on the action that is pivotal but the nature of the legal inquiry." *Id.* at 340. Whether Plaintiff's allegation that the disclosure enabled his wife to lodge charges of sexual infidelity against him is an allegation that Plaintiff suffered personal injury is unclear.[3]

Analysis of the first element precludes resolution of the threshold question of whether the AOM statute is applicable to this action for two reasons. First, it is unclear whether the New Jersey Supreme Court applies the AOM statute "to actions requesting damages for alleged acts of professional malpractice or negligence that do not *cause* personal injuries, wrongful death or property damage." *See Nuveen Municipal Trust*, 692 F. 3d at 311-12 (3d Cir. 2012) (declining to rule on whether an action alleging fraud, negligent misrepresentation and malpractice was subject to the AOM statute where plaintiff sought only money damages.). Second, even if the law required the complaint to include such allegations, it is unclear whether Plaintiff has indeed made such allegations. Because the law concerning this element has not yet been resolved, this court will assess whether an exception applies that would obviate further analysis of the threshold question of the applicability of the AOM statute. *See id.* at 305. Even assuming Plaintiff alleged personal injury damages, and also met the other requirements for the AOM statute to apply, Plaintiff does not need to file an affidavit of merit because the common knowledge exception applies.

---

[3] Plaintiff was the party who sought divorce in his matrimonial action against his wife. Thus, it is unclear whether the compensatory damages he seeks are related to monetary damages stemming from his wife's charges of sexual infidelity, or from personal injury.

5

B.  *Common Knowledge Exception*

Plaintiff argues that he does not need to produce an affidavit of merit because it is common knowledge that a physician's unauthorized disclosure of a patient's treatment information constitutes negligence. *See* Memorandum of Law in Support of Motion for Waiver of Affidavit of Merit Requirement, at 5 (ECF doc. 10-2). Under the common knowledge exception, an affidavit of merit is not required "[w]here the allegations do not require proof of a deviation from a professional standard of care." *Syndicate 1245 at Lloyd's v. Walnut Advisory Corp.*, 721 F. Supp.2d 307, 315 (D.N.J. 2010) (citing *Hubbard v. Reed*, 168 N.J. 387, 394-95 (2001)). Whereas the typical malpractice case requires expert testimony to establish the standard of care and deviation therefrom, the common knowledge case does not require such testimony, as "the carelessness of the defendant is readily apparent to anyone of average intelligence and ordinary experience." *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 579 (3d Cir. 2003) (internal citations and quotations omitted). Instead, "the jury itself is allowed to supply the applicable standard of care." *Id.*

In a medical malpractice case, the common knowledge exception applies when "the issue of negligence is not related to technical matters peculiarly within the knowledge of medical…practitioners." *See Sanzari v. Rosenfeld*, 34 N.J. 128, 142 (1961). Where common knowledge enables a juror to "determine a defendant's negligence without the benefit of the specialized knowledge of experts," expert testimony on the applicable standard of care is not necessary and an affidavit of merit is not required. *Natale*, 318 F. 3d at 579; *see also Mora v. U.S. et al.*, No. 11-cv-03321-ES-JAD, 2013 WL 5180041 (D.N.J. Sept. 13, 2013), at *7 (holding that common knowledge exception applied where health care provider allegedly failed to treat or provide medical care for plaintiff prisoner's injuries during his detention even though the injuries

were documented and reported). In *Natale*, the Third Circuit held that the common knowledge exception applied where medical personnel of defendant Prison Health Services ("PHS") were informed that plaintiff prisoner was an insulin-dependent diabetic, but failed to determine how often he needed insulin to be administered. *Id.* at 580. Plaintiff did not receive his first dose of insulin until twenty-one hours after being admitted to the prison, and contended that the late administration of insulin caused him to suffer a stroke. *See id.* at 578. The court held that a reasonable jury could conclude, without expert testimony, that the personnel were negligent in failing to ask plaintiff's physician or plaintiff himself how often they should administer plaintiff's insulin. *Id.* at 580. The issue of negligence was not related to the technical matter of how often insulin-dependent diabetics need insulin, but to whether "medical personnel charged with caring for an insulin-dependent diabetic *should determine* how often the diabetic needs insulin." *See id.* at 580 (emphasis added). Therefore, "no special expertise or expert testimony [was] needed to show…that the claim [was] not frivolous." *Id.*

Defendant cites *Stempler v. Speidel* to argue that the court has envisioned exceptions to physician-patient confidentiality that include "potential disclosures to a person with a legitimate interest in a patient's health," and that a wife may have a legitimate interest in a husband's health. *See* Defendant's Opposition to Plaintiff's Motion to Waive Requirement to File Affidavit of Merit ("Defendant's Brief"), at 8 (citing *Stempler v. Speidel*, 100 N.J. 368, 336 (1985)). Defendant's argument goes to the legal merits of a breach of confidentiality claim against a physician, rather than the issue of whether an expert would be needed to determine if a physician's unauthorized disclosure of medical information is negligent. In other words, a court can dismiss a breach of confidentiality claim against a physician if the court determines that "the public interest or the private interest of the patient" demands an exception to the patient's right

7

against such disclosure. *See Hague v. Williams*, 37 N.J. 328, 336-37 (1962) (affirming dismissal of breach of confidentiality claim against physician where physician disclosed medical information to insurance company that plaintiff sued in a separate action, and the medical information was part of plaintiff's claim in that action). But the possibility that a court may dismiss a breach of confidentiality claim by determining that an exception thereto applied does not mean expert testimony is required to opine on the physician's underlying general duty of nondisclosure.

Defendant also argues that the standards that apply to the disclosure of private health information are complex rules codified in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") requiring expert testimony. *See* Defendant's Brief at 7. In particular, Defendant argues that HIPAA includes exceptions that are not within the common knowledge of jurors. *Id.* at 8. Assuming that the exceptions to HIPAA are not within the common knowledge of the average juror, this does not change the analysis. The issue in this case is not whether the physician was negligent in disclosing the medical information in a particular circumstance that would have implicated an exception to HIPAA. Plaintiff's complaint alleges only that defendant disclosed his medical information to Plaintiff's wife "to be rid of what defendant perceived as plaintiff's wife's harassing requests," and Defendant does not offer any particular circumstances that implicate any exception to HIPAA. *See* Complaint, ¶7 (ECF doc. 1).

The facts of this case are analogous to the facts in *Natale*, where the issue of negligence was not related to how often insulin should be administered, but to whether the failure to inquire about plaintiff's insulin needs was negligent. In this case, the issue of negligence is not related to the Defendant's mistaken determination that a particular exception to HIPAA applied, but to his failure to inquire of whether an exception to HIPAA applied before disclosing the

information. The common knowledge exception applies, because it is common knowledge that physicians have a general duty of nondisclosure and that an unauthorized, unjustified disclosure of a patient's medical information is negligent. *See Stempler v. Speidell*, 100 N.J. 368, 375 (1985) (citing American Medical Ass'n, Principles of Medical Ethics, section 9 (1957)) ("[T]here is a clear recognition that, in general, a physician does have a professional obligation to maintain the confidentiality of his patient's communications."). Because proof of a deviation from standard of care is not essential to the establishment of plaintiff's right to recover, Plaintiff is not required to obtain an affidavit of merit.

## *II.    CONCLUSION*

For the foregoing reasons, Plaintiff's Motion for Waiver of Affidavit of Merit Requirement is GRANTED.

SO ORDERED.

                                                                                    _____
                                                                                    JOSEPH A. DICKSON, U.S.M.J.

cc:    Honorable Esther Salas, U.S.D.J.