NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

SANG GEOUL LEE,                    :
                                   :     Civil Action No. 12-7437 (ES)
                    Plaintiff,     :
                                   :     MEMORANDUM
        v.                         :     OPINION & ORDER
                                   :
WON IL PARK, MD,                   :
                                   :
                    Defendant.     :

---

SALAS, DISTRICT JUDGE

### I.    INTRODUCTION

Plaintiff Sang Geoul Lee seeks to appeal two decisions from United States Magistrate Judge Joseph A. Dickson.  Judge Dickson denied Plaintiff's Motion to Amend/Correct, and granted Defendant's Motion to Compel.  (*See* D.E. No. 39 ("Amendment Order"); D.E. No. 41 ("Discovery Order") (collectively "Orders")).  Plaintiff moves for appeal/review of the Orders. (D.E. Nos. 42, 43).  For the reasons set forth below, the Court denies Plaintiff's motions.

### II.    FACTUAL & PROCEDURAL BACKGROUND[1]

This action arises out of Plaintiff's allegations that his physician, Defendant Won Il Park, M.D., wrongfully provided Plaintiff's wife with certain confidential medical information.  (D.E. No. 1, Complaint ("Compl.") ¶¶ 4–9).  Specifically, Plaintiff alleges that his wife suspected him of infidelity, and requested that Defendant "provide her with information related to [P]laintiff's use of certain medication and frequency of use of such medication."  (*Id.* ¶ 5).  Plaintiff further

---

[1] The Court provides the background of this action in summary fashion because Judge Dickson provided the relevant factual and procedural background in the underlying orders.  (*See* Discovery Order at 1–5).

alleges that Defendant provided Plaintiff's wife with that information, (*id.* ¶ 7), despite Defendant's knowledge that such disclosure "was unlawful and specifically in violation of [P]laintiff's privacy rights pertaining to [P]laintiff's medical information." (*Id.* ¶ 6).  Plaintiff has asserted claims against Defendants for negligence per se, (*id.* ¶ 10–11), negligence, (*id.* ¶¶ 12–13), and breach of confidentiality, (*id.* ¶¶ 14–15).

With respect to the Amendment Order, Plaintiff initiated this action on December 4, 2012. (D.E. No. 1).  On March 7, 2013, the Hon. Steven C. Mannion, U.S.M.J. issued an Initial Scheduling Order, which set a deadline of June 28, 2013 to amend the pleadings.  (D.E. No. 9, Initial Scheduling Order ¶ 7).  On October 17, 2014—nearly sixteen months after the deadline— Plaintiff filed a motion to amend the pleadings to add a cause of action for breach of fiduciary duty.  (D.E. No. 37).  Judge Dickson denied the motion to amend via letter order dated October 28, 2014 because Plaintiff had not established "good cause" for amending the complaint. (Amendment Order at 8–9).  Plaintiff filed a motion for appeal/review of Judge Dickson's Amendment Order on November 5, 2014.  (D.E. No. 42).

With respect to the Discovery Order, Defendant has consistently sought in this action documents related to the underlying state court divorce action between Plaintiff and his wife (the "Divorce Litigation").  (*See* D.E. No. 15, Def. June 19, 2013 Letter at 3–4).  On July 31, 2013, Judge Mannion entered an Order holding in part that Plaintiff was to produce the Divorce Litigation file to Defendant by August 15, 2013.  (D.E. No. 19, Order ¶ 1).  After determining that Plaintiff had failed to fully produce the entire file for the Divorce Litigation, Defendant filed a motion to compel and motion to enforce on October 2, 2014, seeking the entire file.  (*See* D.E.

Nos. 35, 36).[2]  On October 31, 2014, Judge Dickson granted the Motion to Compel and granted in

part the Motion to Enforce.  (Discovery Order at 8–10).  Plaintiff filed a motion for appeal/review

of Judge Dickson's Discovery Order on November 5, 2014.  (D.E. No. 43).

Defendant did not file opposition to either motion for appeal/review.  The Court decides

the present motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  The

motions are now ripe for consideration.

## III.    STANDARD OF REVIEW

Notwithstanding any other provisions of law, all Magistrate Judge's orders are subject to

review by the District Court.  *See North Jersey Sav. & Loan v. Fidelity & Deposit Co.*, 125 F.R.D.

96, 98–99 (D.N.J. 1988).  The standard of review of decisions as to non-dispositive motions is

whether the Magistrate Judge's ruling was "clearly erroneous or contrary to law."  L.Civ.R.

72.1(c)(1)(A); *see also Haas v. Burlington County*, 955 F. Supp. 2d 334, 336 (D.N.J. 2013).

> A finding is clearly erroneous when although there is evidence to support it, the
> reviewing court on the entire evidence is left with the definite and firm conviction
> that a mistake has been committed. . . .  A ruling is contrary to law if the magistrate
> judge has misinterpreted or misapplied applicable law.

*Bobian v. CSA Czech Airlines*, 222 F. Supp. 2d 598, 601 (D.N.J. 2002) (internal quotation omitted).

The burden of showing that a ruling is "clearly erroneous or contrary to law" rests with the party

filing the appeal.  *Control Screening v. Integrated Trade Sys.*, No. 10-499, 2011 WL 341747, at

*6 (D.N.J. Aug. 3, 2011).

---

[2] The Court notes that Defendant's Motions to Compel and Enforce requested the same information, but through
different sources: Defendant's Motion to Compel was directed at Plaintiff, while the Motion to Enforce sought
production of the Divorce Litigation file from Plaintiff's ex-wife's attorney.  (Discovery Order at 4).

3

## IV.    DISCUSSION

A.  <u>Amendment Order</u>

As Judge Dickson noted, Rule 16(b) provides that "a schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Thus, when a party seeks leave to amend its pleadings after the deadline for amendment has passed, the Court must conduct a threshold "good cause" inquiry under Rule 16 prior to conducting an analysis under Rule 15. *See Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468–69 (D.N.J. 1990).  To demonstrate "good cause" under Rule 16, the moving party must show that it could not have reasonably met the deadlines set forth in the scheduling order.  *See Karrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014) (citing *Globespan Virata, Inc. v. Texas Instruments, Inc.*, No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005)).

Judge Dickson denied Plaintiff's Motion to Amend because Plaintiff failed to demonstrate "good cause" under Rule 16.  (Amendment Order at 7-8).  Plaintiff's Motion to Amend was filed sixteen months past the deadline set forth in the Initial Scheduling Order.  (D.E. No. 9, Initial Scheduling Order ¶ 7).  Judge Dickson noted that Plaintiff "does not discuss the requirements of Rule 16 at all" and concluded that "Plaintiff has not demonstrated the good cause necessary to justify amendment of the Initial Scheduling Order under Rule 16."  (Amendment Order at 7, 8).  Accordingly, Judge Dickson did not conduct a Rule 15 analysis and denied Plaintiff's Motion to Amend.  (*Id.*).  *See Harrison Beverage*, 133 F.R.D. at 469 (Court must conduct a threshold "good cause" inquiry under Rule 16 prior to conducting an analysis under Rule 15).

Plaintiff's Motion Seeking Appeal/Review of Judge Dickson's Amendment Order likewise does not discuss the requirements of Rule 16 at all.  (*See generally* D.E. No. 42-1, Plaintiff's

Memorandum of Law ("Pl. Amend. Br.")).  Instead, Plaintiff focuses exclusively on the Rule 15 standard for amending pleadings.  (*Id.*).  However, as noted above, when a party seeks leave to amend its pleadings after the deadline for amendment has passed, the Court must conduct a threshold "good cause" inquiry under Rule 16 prior to conducting an analysis under Rule 15.  *See Harrison Beverage*, 133 F.R.D. at 469.  Because Plaintiff has failed to address the threshold "good cause" issue, the Court concludes that Plaintiff has not met his burden of showing that the Amendment Order is "clearly erroneous or contrary to law" and will deny Plaintiff's motion.

B.  <u>Discovery Order</u>

Judge Dickson primarily noted that Defendant's Motions to Compel and Enforce "does not seek to compel Plaintiff to respond to any new, previously unadjudicated discovery disputes" and was therefore "not, at its heart, a discovery dispute at all, but, rather, an application to force Plaintiff to comply with the [sic] Judge Mannion's July 31, 2013 Order," which required Plaintiff to produce the Divorce Litigation file.  (Discovery Order at 5, 6).  Judge Dickson granted Defendant's motions and ordered Plaintiff to produce the entirety of the Divorce Litigation file in accordance with the July 31, 2013 Order.  (*Id.* at 7-10).

In so holding, Judge Dickson found that it was not Defendant's duty to police Plaintiff's compliance with the July 31, 2013 Order and that Defendant could not "waive" Plaintiff's compliance.  (*Id.* at 5–6).  He also concluded that Plaintiff's argument that certain elements of the Divorce Litigation file were not discoverable was unavailing since Judge Mannion had already ordered that the entire file be produced and Plaintiff failed to properly object to that ruling.  (*Id.* at 6).  Additionally, Judge Dickson found that the parties had properly met and conferred in accordance with Local Civil Rule 37.1 prior to Judge Mannion's July 31, 2013 Order, and

reiterated that Defendant's Motions to Enforce and Compel were simply an application to force Plaintiff's compliance with that Order.  (*Id.*).  Finally, Judge Dickson held that Plaintiff was required to produce documents in its possession or control.  (*Id.* at 7).

Plaintiff characterizes Judge Dickson's Discovery Order as an "inexplicable revelation of lack of even-handed justice," (Pl. Amend. Br. at 5), but fails to establish how Judge Dickson's decision was "clearly erroneous or contrary to law."  Plaintiff's Motion Seeking Appeal/Review of Judge Dickson's Discovery Order rehashes the same arguments that were before Judge Dickson: Defendant "procedurally waived" his right to the discovery at issue; Defendant failed to meet and confer; the tax returns are non-discoverable; and Plaintiff cannot produce documents not in its possession.  (*See generally* D.E. No. 43-1, Plaintiff's Memorandum of Law ("Pl. Discovery. Br.")).  Most significantly, Plaintiff in no way addresses Judge Dickson's characterization of Defendant's underlying motions—that they are an application to enforce compliance with the existing July 31, 2013 Order and do not raise any new discovery issues.  (Discovery Order at 5, 6).  When viewed in this light, Plaintiff's arguments are seriously undermined, as detailed by Judge Dickson in the underlying Discovery Order.  (*Id.* at 5-7).  The Court agrees with Judge Dickson's analysis and accordingly finds that Plaintiff has failed to meet his burden of showing that the Discovery Order is "clearly erroneous or contrary to law."

The Court has reviewed Plaintiff's motions and accompanying briefs in tandem, as well as Magistrate Judge Dickson's Orders, and for the reasons stated above and in the Orders,

**IT IS** on this 1st day of April 2015,

**ORDERED** that Plaintiff's motions for appeal/review, (D.E. Nos. 42, 43), are hereby denied.

s/ Esther Salas
**Esther Salas, U.S.D.J.**