NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANG GEOUL LEE, | : |
| Plaintiff, | : |
| v. | : Civil No. 12-7437 (ES) (JAD) |
| WON IL PARK, MD, | : MEMORANDUM OPINION |
| Defendant. | : |

Before the Court is Plaintiff Sang Geoul Lee's appeal, (D.E. No. 50), of the decision of the Honorable Joseph A. Dickson, U.S.M.J., denying Plaintiff's motion to disqualify defense counsel,[1] (*see* D.E. No. 49, Text Order Denying Motion to Disqualify; D.E. No. 51, Transcript of 5/26/15 Proceedings on Motion to Disqualify ("Tr.") at 5:11-17). Defendant Won Il Park, MD, filed

---

[1] Plaintiff styles his appeal as one of the denial of "Plaintiff's Motion for Contempt and Disqualification of Defendant's Counsel." (*See* D.E. No. 50-1). Yet, the motion in question clearly was one only for disqualification. (*See generally* D.E. No. 40-1). Although Plaintiff's brief in support of that motion refers to "contempt" as a means of vindicating the Court's "dignity," (*id.* at 7), Plaintiff never asked the Court to hold defense counsel in contempt, nor did Plaintiff explain how defense counsel's actions satisfy the well-recognized standard for granting a motion for contempt, (*see generally id.*; *see also Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009) ("A plaintiff must prove three elements by clear and convincing evidence to establish that a party is liable for civil contempt: (1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." (citation and internal quotation marks omitted))). In fact, the first instance in which Plaintiff asked the Magistrate Judge to hold defense counsel in contempt was in Plaintiff's reply brief. (*See* D.E. No. 46 at 9). But a party may not use a reply brief to raise new issues and, furthermore, a mere "passing reference" to an issue "in an opening brief will not suffice to put a party on notice that the moving party is moving on that particular issue." *Bayer AG v. Schein Pharm., Inc.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001), *aff'd on other grounds*, 301 F.3d 1306 (Fed. Cir. 2002). Accordingly, the Court does not consider any of Plaintiff's arguments related to the purported contempt application.

opposition to that appeal, (D.E. No. 54), and Plaintiff filed a reply, (D.E. No. 61).[2] The matter is now ripe for review. The Court decides Plaintiff's appeal without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Plaintiff's appeal, (D.E. No. 50), is denied.

## I.  FACTUAL BACKGROUND

This is a personal injury action alleging the wrongful disclosure of private medical information. (*See generally* D.E. No. 1, Complaint ("Compl.")). The parties have engaged in ongoing settlement discussions. (*See, e.g.*, D.E. dated 3/31/14, 6/4/14, 9/10/14). Prior to commencement of the September 10, 2014 settlement conference, the incident that occasioned Plaintiff's motion to disqualify occurred. Defense counsel, apparently in response to Plaintiff's settlement demand, said to Plaintiff's counsel, "you guys can go fuck yourselves," and told Plaintiff's counsel he could "even write that down and take it back for [his] boss to see." (D.E. No. 50-1, Brief of Law in Support of Plaintiff's Appeal ("Pl. App. Br.") at 6[3]).

On October 30, 2014, Plaintiff filed a motion to disqualify counsel for Defendant, (D.E. No. 40), arguing that disqualification was warranted because defense counsel "committed an outrageous and disgusting gutter conduct while inside the venerable Court room of Judge

---

[2] The Court notes that Defendant's opposition was filed ten days after it was due, without leave of Court and without explanation. The Court further notes that *none* of the parties' respective submissions—Plaintiff's "Brief of Law in Support of Plaintiff's Appeal," (D.E. No. 50-1), Defendant's Response in Opposition, (D.E. No. 54), and Plaintiff's Reply Brief, (D.E. No. 61)—comply with the Local Civil Rules' requirements concerning the contents of briefs submitted to the Court. *See* L.Civ.R. 7.1, 7.2 (requiring "[a]ny brief [to] . . . include a table of contents and table of authorities"). The Court strongly cautions the parties to strictly comply with all applicable Local Civil Rules in their respective filings, including the required schedules for and contents of those filings.

[3] Plaintiff's brief in support of his appeal does not include page numbers. The Court identifies specific pages by the ECF-generated numbers appearing at the top of each page.

Dickson," (D.E. No. 40-3, Brief in Support of Motion to Disqualify ("Pl. Mot. Dq.") at 3). Specifically, Plaintiff asserted that Rules of Professional Conduct ("RPC") 3.2 and 8.4 were violated by defense counsel's "ad hominem" attacks. (*Id.* at 4).

Defendant filed opposition, asserting that disqualification was not warranted, as Plaintiff had failed to assert adequate grounds for disqualification. (D.E. No. 45, Response in Opposition ("Def. Opp. Mot. Dq.") at 3-4[4]). Defendant also argued that, as a practical matter, disqualification of the attorney who allegedly made the remark was not necessary because a different attorney would be handling the trial now that discovery was complete. (*Id.* at 4). Plaintiff filed a reply. (D.E. No. 46).

Judge Dickson denied Plaintiff's motion to disqualify defense counsel for the reasons stated on the record at a May 26, 2015 conference. (*See* D.E. No. 49). At that conference, Mr. Paulter, the attorney who had made the offensive statement, stated on the record that he had called Mr. Park, the recipient of the remark, "to apologize to him." (Tr. at 4:20). Mr. Paulter stated that Mr. Park began to record that call and that the call "didn't last a long time." (*Id.* at 4:20-22). Mr. Paulter went on as follows:

> In my letter to the Court, I pointed out that there's never been any animosity between me and Mr. Park. I stand by what I said, that he's a gentleman. I owe the Court an apology. I owe Mr. Kimm an apology. I certainly did transmit some words that were unpleasant. They were outside of this court, which is—so I'll take issue with that statement. They were in the hallway.[5] I owe Mr. Kimm the

---

[4] Defendant's letter brief in opposition to Plaintiff's motion to disqualify does not include page numbers. The Court identifies specific pages by the ECF-generated numbers appearing at the top of each page.

[5] Defense counsel denies that the incident occurred in Judge Dickson's courtroom, instead asserting that the parties were "in the hallway." The location of the parties at the time of the incident is of no moment. Rule of Professional Conduct 3.2 makes no distinction concerning the location of offensive conduct. Indeed, that Rule clearly, and simply, provides that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client and *shall treat with courtesy and consideration all persons involved in the legal process*." (Emphasis

> respect that anyone in the bar would enjoy and I certainly lost—lost patience at that point.
>
> I won't—it was uncharacteristic for me and I will say that if there was ever someone who could provoke that kind of action, I've met him and it will not happen in the future and I do object.

(*Id.* at 4:23 to 5:10).

Judge Dickson then ruled:

> All right [sic]. I'm going to accept your apology on behalf of Mr. Park and Mr. Kimm. I know the firm from which you've come from [sic]. I've seen you in this courtroom many times. All of us make mistakes. Some of us sometimes say things we wish we hadn't said. We know you—you've accepted responsibility for that. Therefore, you're okay. I'm denying the motion and let's move forward.

(*Id.* at 5:11-17). Plaintiff's appeal followed. (D.E. No. 50).

## II. LEGAL STANDARD

Notwithstanding any other provisions of law, all Magistrate Judges' orders are subject to review by the District Court. *See N. Jersey Sav. & Loan v. Fid. & Deposit Co.*, 125 F.R.D. 96, 98-99 (D.N.J. 1988). The standard of review of decisions as to non-dispositive motions is whether the Magistrate Judge's ruling was "clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A); *see also Haas v. Burlington Cnty.*, 955 F. Supp. 2d 334, 336 (D.N.J. 2013).

> A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law.

*Bobian v. CSA Czech Airlines*, 222 F. Supp. 2d 598, 601 (D.N.J. 2002) (citations and internal quotation marks omitted). The burden of showing that a ruling is "clearly erroneous or contrary

---

added). Further, the language used by defense counsel is inappropriate and beneath the legal profession, regardless of where defense counsel uttered it.

to law" rests with the party filing the appeal. *Control Screening v. Integrated Trade Sys.*, No. 10-499, 2011 WL 341747, at *6 (D.N.J. Aug. 3, 2011).

"In reviewing a Magistrate Judge's factual determinations, a District Court may not consider evidence which was not presented to the Magistrate Judge," *Mruz v. Caring, Inc. (Mruz II)*, 166 F. Supp. 2d 61, 66 (D.N.J. 2001), but "a magistrate's legal conclusions on a non-dispositive motion will be reviewed de novo," *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

### III.  DISCUSSION

Motions to disqualify counsel are disfavored because disqualification is viewed as a drastic measure. *Carlyle Towers Condo. Ass'n, Inc., v. Crossland Savings FSB*, 944 F. Supp. 341, 345 (D.N.J.1996). Nevertheless, "[a] court may disqualify an attorney where it is necessary to enforce the court's disciplinary rules." *Oswell v. Morgan Stanley Dean Witter & Co.*, No. 06-5814, 2007 WL 2446529, at *2 (D.N.J. Aug. 22, 2007). "The party seeking disqualification bears the burden of showing that continued representation by the lawyer would violate the disciplinary rules." *Id.* at *3.

The decision whether to grant a motion to disqualify is committed to the judge's discretion. *Wyeth v. Abbott Labs.*, 692 F. Supp. 2d 453, 457 (D.N.J. 2010) ("The question of whether disqualification is appropriate is committed to the sound discretion of the district court, which 'means that the court should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule.'" (quoting *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980)); *Oswell*, at *2 ("A court *may* disqualify an attorney where it is necessary to enforce the court's disciplinary rules." (emphasis added)).

Here, Plaintiff has failed to establish that Judge Dickson's decision was "clearly erroneous or contrary to law." *See Control Screening*, at *6. Plaintiff cites no case in which an attorney was disqualified from representation for a violation of RPC 3.2. Instead, Plaintiff relies on cases in which an attorney was assessed sanctions or disciplined after repeated violations of RPC 3.2 and several warnings by the respective courts. In light of the "drastic" nature of the requested disqualification, the Court finds plainly insufficient Plaintiff's reliance on cases in which the subject attorney's impropriety was clearly more severe than in the instant case, and in which the punishment levied was entirely different from that Plaintiff requests. *See, e.g.*, *Mruz v. Caring, Inc. (Mruz I)*, 107 F. Supp. 2d 596, 614-15 (D.N.J. 2000) (revoking *pro hac vice* admission of attorney who engaged in "a clear pattern of misconduct . . . , not just an isolated incident or two"), *rev'd*, *Mruz II*, 166 F. Supp. 2d at 71-72 (reversing *Mruz I* after finding lesser sanction appropriate); *Baxt v. Liloia*, 714 A.2d 271, 279-80 (N.J. 1998) (describing "pattern of behavior" over "a period spanning the course of at least one month" that "present[ed] an object lesson in unprofessional behavior by experienced and knowledgeable trial lawyers"); *In re Vincenti*, 554 A.2d 470, 473 (N.J. 1989) (concurring in Disciplinary Review Board's determination that attorney violated RPCs by engaging in "a course of harassment and intimidation," specifically, "challeng[ing] opposing counsel to a fight on several occasions," "challeng[ing] a witness . . . to a fight," and using abrasive and profane language that included "racial innuendo").

However, even assuming that the cases cited by Plaintiff establish an appropriate standard, Plaintiff fails to show that Judge Dickson misinterpreted or misapplied that law. Indeed, Judge Dickson's colloquy with counsel on the record and subsequent comments clearly demonstrate Judge Dickson's determination that disqualification was not necessary to enforce the Court's disciplinary rules, a determination that was within the Court's sound discretion. *See Wyeth*, 692

F. Supp. 2d at 457. Accordingly, Plaintiff has failed to establish that Judge Dickson's decision was contrary to law.

Plaintiff has likewise failed to establish that the underlying decision was "clearly erroneous." *Control Screening*, at *6. The Court is not persuaded that Judge Dickson made a mistake in denying Plaintiff's motion, and certainly not to the extent required to establish clear error. That is, nothing that Plaintiff has submitted in support of his appeal leaves this Court "with the definite and firm conviction that a mistake has been committed." *Bobian*, 222 F. Supp. 2d at 601. Rather, the decision under review was rendered following a hearing in open court in which defense counsel apologized on the record to the Court and to counsel for Plaintiff. Defense counsel also explained that his conduct was out of character, and that such an incident would not recur. Far from suggesting that the decision below was mistaken, this Court finds that the colloquy between Judge Dickson and defense counsel indicates that Judge Dickson's decision was made within His Honor's sound discretion, *see Wyeth*, 692 F. Supp. 2d at 457, and was properly directed at moving beyond collateral matters in favor of reaching the merits of the case.

## IV. CONCLUSION

Therefore, Plaintiff has failed to establish that the Magistrate Judge's decision was "clearly erroneous or contrary to law," L. Civ. R. 72.1(c)(1)(A), and his appeal is DENIED.

An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**