<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SANG GEOUL LEE,** | |
| **Plaintiff,** | **Civil Action No. 12-7437 (ES) (JAD)** |
| **v.** | |
| **WON IL PARK, MD,** | **OPINION** |
| **Defendant.** | |

SALAS, DISTRICT JUDGE

Pending before the Court is the motion for summary judgment filed by Defendant Wong Il Park.  (D.E. Nos. 64, 67).  Plaintiff Sang Geoul Lee opposes the motion.  (D.E. No. 71).  The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons stated below, the Court GRANTS in part and RESERVES in part Defendant's motion for summary judgment.

## I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

Defendant is a family physician who maintains his practice in Palisades Park, New Jersey.  (D.E. No. 1, Complaint ("Compl.") ¶ 2).  Plaintiff was one of Defendant's patients.  (*Id.* ¶ 4; D.E. No. 67-2, Defendant's Statement of Material Facts ("Def. SMF") ¶ 1).

In 2012, Plaintiff's then-wife, Kyung S. Lee ("Mrs. Lee"), suspected that Plaintiff was being unfaithful.  (Compl. ¶ 5).  Plaintiff alleges that Mrs. Lee approached Defendant and requested information relating to his use of erectile dysfunction medication.  (*Id.*; Def. SMF ¶ 4).  According to Plaintiff, "Defendant knew that the requested disclosure by plaintiff's wife was unlawful and specifically in violation of plaintiff's privacy rights pertaining to plaintiff's medical

information." (Compl. ¶ 6). Plaintiff claims that, nevertheless, Defendant "provided her with disclosure of the most private information possible, namely the kind of medication plaintiff was prescribed and frequency of such prescriptions." (*Id.* ¶ 7). Plaintiff asserts that Defendant's actions "enabled plaintiff's wife to lodge charges of sexual infidelity against plaintiff." (*Id.* ¶ 8).

Defendant claims that Mrs. Lee was aware of Plaintiff's sexual infidelity prior to calling Defendant. (Def. SMF ¶ 6). Defendant also claims that Mrs. Lee was aware of Plaintiff's erectile dysfunction prior to calling Defendant. (*Id.* ¶ 4). According to Defendant, Mrs. Lee did not divorce Plaintiff because of his erectile dysfunction, but rather because of his infidelity, and would have divorced Plaintiff regardless of Defendant's disclosure. (*Id.* ¶ 5; D.E. No. 67, Defendant's Motion for Summary Judgment ("Def. Mov. Br.") at 5).

On December 4, 2012, Plaintiff filed the three-count Complaint, alleging negligence per se, negligence, and breach of confidentiality. (D.E. No. 1). On December 28, 2012, Defendant filed an Answer to the Complaint. (D.E. No. 5).

On March 8, 2013, United States Magistrate Judge Steven C. Mannion issued a Scheduling Order, which provided Plaintiff with the opportunity to file a motion to amend the pleadings by June 28, 2013. (D.E. No. 9). Plaintiff did not file a motion to amend by this date. Nevertheless, on October 7, 2014, Plaintiff filed a motion to amend the Complaint to include a fiduciary duty claim against Defendant. (D.E. No. 37). Ultimately, United States Magistrate Judge Joseph A. Dickson denied the motion given that Plaintiff filed the motion roughly sixteen months after the deadline for amendment. (D.E. No. 39).

On October 30, 2015, Defendant filed the instant motion for summary judgment. (D.E. Nos. 64, 67). Defendant contends that his actions were not the proximate cause of Plaintiff's divorce. (Def. Mov. Br. at 9-13). In response, Plaintiff argues that the nature of his claims do not

involve the divorce, but rather Defendant's breach of private and privileged medical information, and that Plaintiff is entitled to damages pursuant to this breach.   (D.E. No. 71, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion ("Pl. Opp. Br.") at 8).

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether a genuine issue of material fact exists, a court must consider all facts and their reasonable inferences in the light most favorable to the nonmoving party.  *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial.  *Id.* at 324.  In opposing summary judgment, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party may not rest upon the mere allegations or denials in its pleadings.  *See Celotex*, 477 U.S. at 324.  Furthermore, the non-moving party cannot rely on speculation and conclusory allegations to defeat summary judgment.  *Ridgewood Bd. of Educ. v. N.E. ex rel M.E.*, 172 F.3d 238, 252 (3d Cir. 1999).

## III.    DISCUSSION

Plaintiff's Complaint asserts three counts: negligence per se (Count One); negligence (Count Two); and breach of confidentiality (Count Three).  The Court will address each Count in turn.

### A.  Negligence Per Se

Count One of Plaintiff's Complaint asserts a negligence per se claim.  (Compl. ¶¶ 10, 11).  Under New Jersey law, a negligence per se claim is supported by a violation of a statute or regulation when said statute or regulation "'serve[s] to impose direct tort liability.'"  *Chelsea Check Cashing, L.P. v. Toub*, No. 02-5557, 2006 WL 54303, at *3 (D.N.J. Jan. 9, 2006) (alteration in original) (quoting *Alloway v. Bradlees, Inc.*, 723 A.2d 960, 967 (N.J. 1999)).

As previously stated, Defendant's motion for summary judgment centers on proximate cause.  (Def. Mov. Br. at 5-7, 9-12, 36).  In particular, Defendant contends that Plaintiff's "own actions, including his admitted sexual infidelity and repeated lying about it, caused the divorce.  No reasonable jury could find [Defendant] to be the proximate cause of the divorce."  (*Id.* at 36).  Indeed, Defendant argues that Mrs. Lee "would have divorced Mr. Lee regardless of any disclosure made by Dr. Park about the number of erectile dysfunction pills obtained by Mr. Lee."  (*Id.* at 12).  According to Defendant, "Mrs. Lee knew of Mr. Lee's infidelities . . . [and] didn't need confirmation from Dr. Park."  (*Id.*).

However, as Plaintiff notes, "[t]he nature of the violation is not that the defendant somehow 'caused' the divorce."  (Pl. Opp. Br. at 8).  Rather, "the nature of the violation was the defendant's breach of the private and privileged medical information . . . without authorization."  (*Id.*).  Indeed, the harm alleged in Plaintiff's Complaint is that Defendant's actions "enabled plaintiff's wife to lodge charges of sexual infidelity against plaintiff."  (Compl. ¶ 8).

4

To begin its analysis of Plaintiff's negligence per se claim, the Court must first look to the statute or regulation that was violated.  Here, however, Plaintiff's Complaint does not allege a statute or regulation that Defendant violated in order to support his claim for negligence per se.  Likewise, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgement fails to cite a specific statute or regulation that Defendant violated.  Indeed, Plaintiff generally cites to N.J.S.A. 2A:84A-22 as establishing doctor-patient privilege in New Jersey.  (Pl. Opp. Br. at 12).  But, Plaintiff does not argue that N.J.S.A. 2A:84A-22 serves as the basis for the negligence per se claim.  In any event, N.J.S.A. 2A:84A-22 codifies New Jersey's Rules of Evidence; there is no indication that it creates a private right of action.  *Green v. Cooper Hosp./Univ. Med. Ctr.*, No. 97-5745, 1997 WL 749475, at *3 (E.D. Pa. Dec. 3, 1997) ("As stated above, the physician-patient privilege statute cited is a Rule of Evidence, and there are no indications in the statute or in New Jersey case law that it creates an independent cause of action for its violation.").  Because Plaintiff does not identify a statute that specifically imposes tort liability on Defendant, Plaintiff cannot, as a matter of law, succeed on his negligence per se claim.  Accordingly, the Court grants Defendant's motion for summary judgment as to Plaintiff's negligence per se claim.

**B.  Negligence**

Count Two of Plaintiff's Complaint asserts a negligence claim.  (Compl. ¶¶ 12, 13).  In order to establish a negligence claim, a plaintiff must demonstrate: (1) the existence of a duty; (2) the defendant's breach of that duty; (3) a showing that the breach was the proximate cause of the plaintiff's harm; and (4) actual damages.  *Tortu v. A-1 Quality Limousine Serv.*, No. 06-3952, 2008 WL 3887612, at *2 (D.N.J. Aug. 18, 2008) (citing *Weinberg v. Dinger*, 106 N.J. 469 (N.J. 1987)).

Again, Defendant asserts that his motion for summary judgment is about proximate cause. (Def. Mov. Br. at 4).  According to Defendant, no reasonable jury could find Defendant to be the proximate cause of Plaintiff's divorce.  (*Id.*).  As previously stated, however, this is not the harm alleged in the Complaint.  Rather, Plaintiff alleges that Defendant's conduct "enabled plaintiff's wife to lodge charges of sexual infidelity against plaintiff."  (Compl. § 8).

"Proximate cause consists of any cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the result complained of and without which the result would not have occurred."  *Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015) (citation and internal quotation marks omitted).  "To establish proximate cause, a plaintiff must show that the defendant's negligence was a 'substantial factor' in causing his or her injuries."  *Morey v. Borough of Wildwood Crest*, No. A-6630-05T1, 2007 WL 2963324, at *2 (N.J. Super. Ct. App. Div. Oct. 12, 2007) (citing *Rappaport v. Nichols*, 156 A.2d 1, 9 (N.J. 1959)).

Here, the Court concludes that the undisputed facts fail to show that Defendant's actions were the proximate cause of Plaintiff's alleged harm, and Plaintiff, as the non-moving party, fails to present a genuine issue of material fact that compels trial.

Again, Plaintiff argues that Defendant's conduct "enabled plaintiff's wife to lodge charges of sexual infidelity against plaintiff."  (Pl. Opp. Br. at 1; Compl. ¶ 8).  According to Plaintiff, Defendant told Mrs. Lee that Plaintiff was prescribed "170 pills," and Mrs. Lee accused Plaintiff of cheating 170 times.[1]  (*See* D.E. No. 73, Plaintiff's Declaration in Opposition to Defendant's Motion for Summary Judgment ¶ 10).  Plaintiff argues that Mrs. Lee used the information she

---

[1] The Court notes that there is a discrepancy regarding the amount of pills that Plaintiff was prescribed.  In his sworn declaration submitted in opposition to the instant motion, Plaintiff quotes Mrs. Lee as stating that Plaintiff was prescribed 170 pills. (*See* D.E. No. 73, Plaintiff's Declaration in Opposition to Defendant's Motion for Summary Judgment ¶ 10).  However, in his deposition, Plaintiff testified that Mrs. Lee found out that he was prescribed 160 pills—the original 10 plus 150 more.  (D.E. No. 67-5, Deposition of Sang Geoul Lee ("S. Lee. Dep.") 34:7-25; 39:10-24).

6

learned from Defendant to coerce Plaintiff to execute post-nuptial agreements that were later found to be invalid legal instruments.  (Pl. Opp. Br. at 1).  From there, Plaintiff also argues that when Mrs. Lee learned that Plaintiff was taking hundreds of pill for erectile dysfunction, she used this information to smear his reputation amongst friends and social acquaintances.  (*Id.* at 2).

Despite these arguments, the undisputed facts—and all reasonable inference taken from those facts—fail to demonstrate that Defendant's actions were the proximate cause of Plaintiff's harm.  Mrs. Lee expressly testified that she knew Plaintiff was having an affair before she called Defendant.  (D.E. No. 67-6, Deposition of Kyung S. Lee 35:19-21).  Mrs. Lee indicated that she "called Dr. Park when everything was all confirmed."  (*Id.* 38:4-5).  Importantly, Mrs. Lee stated that "Dr. Park didn't say anything[,] . . . [w]hatever he said is not important to me."  (*Id.* 47:19-20).  In fact, Mrs. Lee stated that she called Defendant to "inform[] him" that they "were about to get divorced . . . because he was having an affair and he needed a prescription because then he was already not – he was dysfunctional."  (*Id.*  48:6-12).

Moreover, Mrs. Lee testified that between 2010 and 2011 she became aware that Plaintiff was taking medication for erectile dysfunction.  (*Id.* 21:8-25:23).  According to Mrs. Lee, Plaintiff was taking a prescription for erectile dysfunction "for a long time."  (*Id.* 22:19-20).  In fact, Mrs. Lee knew that Plaintiff was taking medication for erectile dysfunction before she called Defendant.  (*Id.* 25:24-26-1).  According to Mrs. Lee, she did not learn anything new from Defendant.  (*Id.* 38:21-24).  Rather, Defendant confirmed the information that she already had.  (*Id.* 39:3-5).  Mrs. Lee also testified that she knew "approximately" how many pills Plaintiff was prescribed.  (*Id.* 59:19-15).

Defendant's Reponses to Plaintiff's First Set of Discovery Demands also confirms that Mrs. Lee was aware that Plaintiff was unfaithful and used of erectile dysfunction mediation prior

to calling Defendant. (*See* D.E. No. 74-3 ¶ 12). Indeed, Defendant responded that on February 16, 2012, he spoke to Mrs. Lee and she told him that "her husband was cheating on her," and that she "already knew that [Plaintiff] has been prescribed erectile dysfunction medication." (*Id.*).

Further to the point, Plaintiff himself testified that Mrs. Lee grew suspicious of his infidelity and confronted him about being unfaithful—prior to calling Defendant. (S. Lee Dep. 26:19-38:1; 42:2-13). Plaintiff also conceded that Mrs. Lee was aware that he was taking medication for erectile dysfunction. (*Id.* 23:14-24:25). According to Plaintiff, Mrs. Lee was aware that he received a prescription for ten pills from Defendant. (*Id.*).

The Court concludes that these undisputed facts fail to demonstrate that Defendant's conduct was the proximate cause of Plaintiff's alleged harm. The burden has now shifted to Plaintiff to demonstrate that a genuine issue of material fact compels trial, which he fails to demonstrate. Indeed, in opposition to the instant motion, Plaintiff submitted Defendant's Reponses to Plaintiff's First Set of Discovery Demands, a written decision from Mrs. Lee and Plaintiff's divorce trial in the Superior Court of New Jersey, and Plaintiff's Declaration in Opposition to Defendant's Motion for Summary Judgment. (*See* D.E. Nos. 73, 74). However, none of the supporting documents create a genuine issue of material fact. In fact, Plaintiff's declaration, (D.E. No. 73), is self-serving, conclusory document that fails to cite to any evidence in the record to support the facts contained therein. *Gonzalez v. Sec'y of Dep't of Homeland Sec.*, 678 F.3d 254, 263 (3d Cir. 2012) ("As a general proposition, conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment."). To be sure, Plaintiff fails to create a genuine issue of material fact that Defendant's disclosure, particularly with respect to the number of pills prescribed, was the proximate cause or "substantial factor" as to the charges of infidelity, coercion, or reputational harm.

Given that Plaintiff has failed to meet his burden of presenting evidence of a genuine issue of material fact, the Court concludes that Defendant is entitled to summary judgment as to Plaintiff's negligence claim.[2]

As a secondary matter, the Court also notes that Plaintiff's Complaint only alleged that Defendant's actions "enabled plaintiff's wife to lodge charges of sexual infidelity against plaintiff." (Compl. § 8). The Complaint did not contain any allegations regarding coercion or harm to reputation. Indeed, a plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008) (quoting *Shanahan v. City of Chi.*, 82 F.3d 776, 781 (7th Cir. 1996)). Plaintiff had ample time to amend his Complaint, but choose not to do so until sixteen months after the deadline. And even then, Plaintiff sought to add a fiduciary duty claim, (*See* D.E. No. 37); he did not seek to amend his alleged harm. As such, the Court finds that Defendant is also entitled to summary judgment as to Plaintiff's allegations regarding coercion and harm to reputation because they were not alleged in the Complaint.

### C.  Breach of Confidentiality

Count Three of the Complaint asserts a claim for breach of confidentiality. (Compl. ¶¶ 14-15). Again, in his moving brief, Defendant rests on the argument that Plaintiff failed to establish proximate cause that Defendant's actions caused his divorce. (*See* Def. Mov. Br. at 9-13). Defendant does not specifically address breach of confidentiality.

---

[2] This analysis is also applicable to Plaintiff's negligence per se claim. Indeed, a plaintiff asserting a negligence per se claim may not simply dispense with proximate causation. *See In re Orthopedic Bone Screw Products Liab. Litig.*, 193 F.3d 781, 791 (3d Cir. 1999). Rather, "where defendants violated the relevant statute or regulation, courts have held as a matter of law that plaintiffs have satisfied the first two elements of their cause of action: the duty and breach of duty." *In re TMI*, 67 F.3d 1103, 1118 (3d Cir. 1995). As such, a plaintiff must still demonstrate causation and damages. *Id.* Accordingly, for the same reasons discussed with respect to Plaintiff's negligence claim, the Court concludes that proximate cause is also fatal to Plaintiff's negligence per se claim.

In opposition, Plaintiff states that the nature of the case is Defendant's "breach of private and privileged medical information," not whether Defendant caused the divorce. (Pl. Mov. Br. at 8). Plaintiff goes on to argue that courts have routinely held that defendants can be held liable for disclosure of medical information. (*Id.*). In support of this positon, Plaintiff cites numerous cases—all of which are inapposite to the instant case.

Count Three of Plaintiff's Complaint is for breach of confidentiality, presumably under New Jersey law. Nevertheless, Plaintiff cites to cases involving claims of invasion of privacy, defamation, and negligence in jurisdictions outside of New Jersey. The one New Jersey state court case that Plaintiff does cite is an invasion of privacy case outside the medical information context. (*See* Pl. Opp. Br. at 10 (citing *Jobes v. Evangelista*, 849 A.2d 186 (N.J. Super. Ct. App. Div. 2004)). None of the cases Plaintiff cites discuss a claim for breach of confidentiality.

Given that both parties failed to address breach of confidentiality, the Court hereby orders supplemental briefing. Defendant shall file a supplemental brief, no more than ten (10) pages, addressing why he is entitled to summary judgment on Plaintiff's breach of confidentiality claim. Plaintiff shall file an opposition brief, no more than ten (10) pages, addressing why the motion should be denied.

## IV.   CONCLUSION

Based on the foregoing, the Court GRANTS Defendant's motion for summary judgment as to Counts One and Two of Plaintiff's Complaint, and reserves judgment as to Count Three pending supplemental submissions. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**