**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **SANG GEOUL LEE,** | : | Civil Action No. 12-7437 (ES) (JAD) |
| **Plaintiff,** | : | **OPINION** |
| **v.** | : | |
| **WON IL PARK, MD,** | : | |
| **Defendant.** | : | |

SALAS, DISTRICT JUDGE

This case arises from Plaintiff's allegations that his doctor, Defendant Won Il Park, unlawfully disclosed to Plaintiff's wife ("Mrs. Lee") information about Plaintiff's erectile dysfunction prescription, thereby enabling Mrs. Lee to lodge charges of sexual infidelity against Plaintiff. Plaintiff asserts claims for negligence per se (Count 1), negligence (Count 2), and breach of confidentiality (Count 3). (*See* D.E. No. 1 ("Compl.") ¶¶ 10-15). The Court previously granted summary judgment in Defendant's favor with respect to Counts 1 and 2, but reserved on Count 3 pending supplemental briefing from the parties. (*See* D.E. Nos. 87 ("May 26, 2016 Order") & 88 ("May 26, 2016 Opinion")).

Plaintiff moved for reconsideration[1] of the Court's summary judgment rulings as to Counts 1 and 2. (D.E. No. 88-7, Plaintiff's Memorandum of Law in Support of Motion for

---

[1] Plaintiff styles his motion as one for reconsideration, but does not expressly rely on Local Civil Rule 7.1(i), which governs motions for reconsideration in this District. (*See generally* Pl. Mov. Br.; *see also Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (explaining purpose of Local Civil Rule 7.1(i))). Defendant characterizes Plaintiff's motion as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). (*See* D.E. No. 91, Defendant Dr. Won Il Park's Opposition to Plaintiff's "Motion for Reconsideration" ("Def. Opp. Br.") at 4). Rule 59(e), however, applies to orders rendering a final judgment and not to interlocutory orders. *Jones v. Sanko Steamship Co., Ltd.*, No. 10-6787, 2016 WL 819618, at *4 (D.N.J. Mar. 2, 2016). And since no final judgment has been entered in this case pursuant to Federal Rule of Civil Procedure 54(b), Rule 59(e) does not apply.

Reconsideration ("Pl. Mov. Br.")).  Defendant opposed Plaintiff's motion (Def. Opp. Br.) and submitted a separate supplemental brief regarding Count 3 (D.E. No. 90, Defendant Dr. Won Il Park's Supplemental Legal Brief in Support of Motion for Summary Judgment ("Def. Supp. Br.")). Plaintiff filed a single reply brief addressing both his motion for reconsideration and Defendant's motion for summary judgment.  (D.E. No. 94, Plaintiff's Memorandum of Law in Further Support of Motion for Reconsideration of Opinion and Order Entered May 26, 2016 (ECF 87) and in Opposition to Defendant's "Supplemental Brief" ("Pl. Reply Br.")).

Accordingly, there are two pending motions before the Court: (i) Plaintiff's motion for reconsideration as to Counts 1 and 2; and (ii) Defendant's motion for summary judgment as to Count 3.  The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) and decides these motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, the Court DENIES Plaintiff's motion for reconsideration[2] and GRANTS Defendant's motion for summary judgment as to Count 3 of Plaintiff's Complaint.

## I.  Plaintiff's Motion for Reconsideration[3]

### a.  Legal Standard

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i).  *Andreyko*, 993 F. Supp. 2d at 477.[4]  Reconsideration is an extraordinary remedy that is

---

*See Jones*, 2016 WL 819618, at *4.  Accordingly, the Court treats Plaintiff's motion as a motion for reconsideration under Local Civil Rule 7.1(i).

[2]    Local Civil Rule 7.1(i) requires that a motion for reconsideration be served and filed within 14 days from entry of the order or judgment on the original motion.  Here, Plaintiff filed his motion for reconsideration 20 days after entry of the Court's May 26, 2016 Order.  The Court therefore denies Plaintiff's motion as untimely.  *See Jones*, 2016 WL 819618, at *4.  Nevertheless, as explained below, the Court equally denies Plaintiff's motion as without merit.  *See id.*

[3]    The factual background and procedural history are set forth in full in the Court's May 26, 2016 Opinion.

[4]    Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

granted very sparingly, and thus motions for reconsideration are considered "extremely limited procedural vehicles." *Id.* To prevail on a motion for reconsideration, the moving party must demonstrate either (i) an intervening change in the controlling law; (ii) the availability of new evidence that was not available when the court issued its order; or (iii) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id.* at 478.

To be sure, Local Civil Rule 7.1(i) "does not allow parties to restate arguments which the court has already considered." *Id.* Rather, a party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the Court before rendering its original decision fails to carry the moving party's burden. *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998). Furthermore, a party may not submit evidence which was available to it prior to the issuance of the challenged order. *Id.* Put simply, "a motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Id.*

### b. Analysis

#### i. Count 1 (Negligence Per Se)

To establish a claim for negligence per se, a plaintiff must allege that the defendant violated a statute or regulation that specifically imposes direct tort liability on the defendant. *Chelsea Check Cashing, L.P. v. Toub*, No. 02-5557, 2006 WL 54303, at *3 (D.N.J. Jan. 9, 2006) (citing *Alloway v. Bradlees, Inc.*, 723 A.2d 960, 967 (1999)). In its May 26, 2016 Opinion, the Court found that Plaintiff could not, as a matter of law, succeed on his claim for negligence per se because he did not identify a statute or regulation that specifically imposes direct tort liability on Defendant. (*See* May 26, 2016 Opinion at 5).

- 3 -

Here, Plaintiff again fails to identify any statute or regulation that imposes direct tort liability on Defendant. (*See generally* Pl. Mov. Br.). Because this omission is fatal to Plaintiff's claim for negligence per se, the Court denies Plaintiff's motion for reconsideration as to Count 1.

### ii.   Count 2 (Negligence)

To establish a claim for negligence, a plaintiff must demonstrate: (i) the existence of a duty; (ii) the defendant's breach of that duty; (iii) a showing that the breach was the proximate cause of the plaintiff's harm; and (iv) actual damages. *Tortu v. A-1 Quality Limousine Serv.*, No. 06-3952, 2008 WL 3887612, at *2 (D.N.J. Aug. 18, 2008) (citing *Weinberg v. Dinger*, 524 A.2d 366, 373 (1987)). Plaintiff's alleged harm is specific and narrow: Plaintiff alleges only that Defendant's conduct "enabled plaintiff's wife to lodge charges of sexual infidelity against plaintiff."[5] (*See* May 26, 2016 Opinion at 6, 9; *see also* Compl. ¶ 8). The Court found that Plaintiff failed to raise a genuine issue of material fact as to whether Defendant's actions were the proximate cause of Plaintiff's alleged harm. (May 26, 2016 Opinion at 6). Specifically, the Court found that Plaintiff failed "to create a genuine issue of material fact that Defendant's disclosure, particularly with respect to the number of pills prescribed, was the proximate cause or 'substantial factor' as to [Mrs. Lee's] charges of infidelity . . . ." (*Id.* at 8).

Plaintiff's motion for reconsideration does not identify any intervening change in the controlling law or any new evidence that was unavailable when the Court issued its order. *See Andreyko*, 993 F. Supp. 2d at 478. Therefore, the Court assumes that Plaintiff relies on the third

---

[5]     Plaintiff's motion for reconsideration—like his opposition to Defendant's summary judgment motion— includes additional allegations of harm, namely, that Defendant's conduct enabled Mrs. Lee to damage Plaintiff's reputation and to coerce Plaintiff into signing post-nuptial agreements under duress. (Pl. Mov. Br. at 4; *see also* D.E. No. 71 at 1-2). But as the Court already noted in its May 26, 2016 Opinion, Plaintiff's Complaint "did not contain any allegations regarding coercion or harm to reputation." (May 26, 2016 Opinion at 9). And because Plaintiff failed to include these allegations in his Complaint, the Court granted summary judgment to Defendant with respect to Plaintiff's allegations of coercion and harm to reputation. (*Id.*). The Court will not consider these additional allegations of harm in deciding Plaintiff's motion for reconsideration.

- 4 -

basis for reconsideration, namely, "the need to correct a clear error of law or fact or to prevent manifest injustice." *See id.* To that end, Plaintiff does not appear to suggest that the Court relied on mistaken facts. Rather, Plaintiff contends that the Court "overlooked" certain critical facts, most notably, the fact that Defendant informed Mrs. Lee that he prescribed Plaintiff approximately 160 to 170 erectile-dysfunction pills, when Mrs. Lee originally thought Defendant prescribed Plaintiff only about 5 to 10 pills. (Pl. Mov. Br. at 1-5). To be sure, the Court previously considered Plaintiff's true erectile-dysfunction prescription—and Defendant's disclosure thereof—in deciding Defendant's motion for summary judgment. (*See* May 26, 2016 Opinion at 6-7). And the Court's May 26, 2016 Opinion sets forth in detail how the undisputed facts fail to demonstrate that Defendant's actions were the proximate cause of Plaintiff's harm. (*See id.* at 7-8). The Court declines to reiterate that analysis here. *See Leja v. Schmidt Mfg., Inc.*, No. 01-5042, 2011 WL 3684845, at *4 (D.N.J. Aug. 22, 2011) ("[O]nly dispositive factual matters and controlling decisions of law which were presented to the court *but not considered on the original motion* may be the subject of a motion for reconsideration.").

Put simply, Plaintiff's motion for reconsideration offers nothing new. Instead, Plaintiff relies on the same facts and arguments presented in his opposition to Defendant's motion for summary judgment. Because Plaintiff has failed to show that the Court's previous holdings "were without support in the record" or "would result in 'manifest injustice' if not addressed," *Leja*, 2011 WL 3684845, at *4, the Court denies Plaintiff's motion for reconsideration. *See also Database Am., Inc. v. Bellsouth Advert. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("When a motion for reconsideration raises only a party's disagreement with a decision of the court, that dispute should be dealt with in the normal appellate process, not on a motion for reargument under Local Rule [7.1(i)].").

- 5 -

## II.  Defendant's Motion for Summary Judgment (Count 3)

### a.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a genuine issue of material fact exists, a court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party.  *See Pa. Coal Ass'n. v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial.  *Id.* at 324.  In opposing summary judgment, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party may not rest upon the mere allegations or denials in its pleadings.  *See Celotex*, 477 U.S. at 324.  Furthermore, the non-moving party cannot rely on speculation and conclusory allegations to defeat summary judgment.  *Ridgewood Bd. of Educ. v. N.E. ex rel M.E.*, 172 F.3d 238, 252 (3d Cir. 1999).

### b.  Analysis

#### i.    Count 3 (Breach of Confidentiality)

Defendant asserts five arguments in support of his motion for summary judgment as to Plaintiff's claim for breach of confidentiality.  *First*, Plaintiff cannot rely on N.J.S.A. 2A:84A-22.2 (New Jersey statute codifying the physician-patient privilege) because that statute does not

provide a civil cause of action.  (Def. Supp. Br. at 2-3).  *Second*, Plaintiff fails to cite any applicable New Jersey statute or law that creates a civil cause of action for unauthorized disclosure of this kind of medical information by a physician.  (*Id.* at 3-4).  *Third*, Plaintiff's breach-of-confidentiality claim falls squarely under the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), which does not provide a civil cause of action.  (*Id.* at 4-7).  *Fourth*, to the extent Plaintiff can identify a cause of action under New Jersey law, HIPPA would preempt that cause of action anyway.  (*Id.* at 7-8).  *Fifth*, Plaintiff has incurred no damages and thus cannot present a case for damages at trial.  (*Id.* at 8-9).

In response, Plaintiff argues that "the basis of the legal right that defendant violated pre-existed HIPPA . . . and has not been displaced by HIPPA."  (Pl. Reply Br. at 4).  Plaintiff relies on four cases in support.  Because each of Plaintiff's cases is inapposite, and because Plaintiff has failed to identify any New Jersey authority supporting his claim for breach of confidentiality, the Court grants summary judgment to Defendant with respect to Count 3.

In its May 26, 2016 Opinion, the Court advised Plaintiff that none of his cited cases discuss a claim for breach of confidentiality.  (*See* May 26, 2016 Opinion at 10 ("Nevertheless, Plaintiff cites to cases involving claims of invasion of privacy, defamation, and negligence in jurisdictions outside of New Jersey.  The one New Jersey state court case that Plaintiff does cite is an invasion of privacy case outside the medical information context.  None of the cases Plaintiff cites discuss a claim for breach of confidentiality.")).  Accordingly, the Court ordered both parties to file supplemental briefs addressing Count 3.  (*See* D.E. No. 87).  Plaintiff's supplemental brief cites four cases; however, not one of them supports Plaintiff's breach-of-confidentiality claim.

Plaintiff argues that Defendant violated a legal right that pre-exists HIPAA.  In support, Plaintiff relies on *O'Donnell v. U.S.*, 891 F.2d 1079 (3d Cir. 1989) and *Doe v. Roe*, 400 N.Y.S. 2d

668 (N.Y. Sup. Ct. 1977). Plaintiff's reliance on these cases is misplaced. *O'Donnell* involved a Pennsylvania plaintiff suing the Veterans Administration ("VA") under the Federal Tort Claims Act[6] for invasion of privacy and negligent disclosure of psychiatric records. 891 F.2d at 1080. The Third Circuit affirmed the district court's dismissal of the plaintiff's invasion-of-privacy claim (because the VA lacked the necessary intent), but vacated the judgment and remanded as to the plaintiff's claim for negligent disclosure of psychiatric records. *Id.* Critically, that claim was based on allegations that the VA violated two statutes: the Federal Privacy Act, 5 U.S.C. § 552a, and Pennsylvania's Mental Health Procedures Act ("MHPA"), 50 P.S. § 7101 *et seq.* While the Third Circuit found that the Federal Privacy Act was inapplicable, it found that the MHPA expressly provided for a private cause of action. *O'Donnell*, 891 F.2d at 1086. Here, Plaintiff does not identify any federal or New Jersey statute creating a private cause of action for negligent disclosure of medical information. For the same reason, Plaintiff cannot rely on *Doe*, as that case involved the application of New York law to distinguishable facts.

In response to Defendant's preemption argument, Plaintiff contends that HIPPA did not displace his right to a private action for breach of confidentiality. But again, Plaintiff does not provide the Court with any persuasive authority for this proposition. Instead, Plaintiff cites two cases that apply non-New Jersey law. Plaintiff relies on *Haddad v. Goplal, MD*, 787 A.2d 975 (Pa. Super. Ct. 2001), but by Plaintiff's own admission, that case "held that breach of physician-patient confidentiality was a cognizable civil cause of action under Pennsylvania law." (Pl. Reply Br. at 4). Plaintiff also relies on *Walgreen Co. v. Hinchy*, 21 N.E.3d 99 (Ind. Ct. App. 2014). That case neither applies New Jersey law nor addresses a claim for breach of confidentiality. Plaintiff

---

[6]    Under the Federal Tort Claims Act, the government is liable for injuries caused by a government employee "if a private person would be liable to the claimant in accordance with the law of the place where the act of [sic] omission occurred." *O'Donnell*, 891 F.2d at 1080 (citing 28 U.S.C. § 1346(b)). The alleged disclosure in that case occurred in Pennsylvania, and the plaintiff initiated his action in the Eastern District of Pennsylvania. *Id.*

seems to emphasize the fact that the Indiana Appellate Court "affirmed, without even reviewing the legal sufficiency of the invasion of privacy cause of action, which was not challenged at all," (Pl. Reply Br. at 6), but Plaintiff has not pleaded a claim for invasion of privacy here.  (*See generally* Compl.; *see also* May 26, 2016 Opinion at 10 ("Count Three of Plaintiff's Complaint is for breach of confidentiality, presumably under New Jersey law.  Nevertheless, Plaintiff cites to cases involving claims of invasion of privacy, defamation, and negligence in jurisdictions outside of New Jersey.")).  Because Plaintiff has failed to establish a claim for breach of confidentiality, the Court grants summary judgment to Defendant with respect to Count 3.

### III.   Conclusion

Based on the foregoing, the Court DENIES Plaintiff's motion for reconsideration and GRANTS Defendant's motion for summary judgment as to Count 3 of Plaintiff's Complaint.  Accordingly, Plaintiff's Complaint is dismissed *with prejudice*.   An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**